IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES LEONARD,<br>    Plaintiff | )<br>) | C.A. No. 09-242 Erie |
| v. | )<br>) | |
| ERIE UC SERVICE CENTER,<br>    Defendant. | )<br>)<br>) | Magistrate Judge Baxter |

## OPINION AND ORDER

Magistrate Judge Susan Paradise Baxter.

### I.   INTRODUCTION

#### A.   Relevant Procedural and Factual History

On September 28, 2009, Plaintiff James Leonard, an adult resident of Jamestown, New York, initiated this *pro se* action against Defendant Erie UC Service Center by filing a Notice of Appeal/Petition for Review, asking this Court to conduct a *de novo* review of the UC referee's Order of July 6, 2009, denying Plaintiff unemployment compensation based upon its finding that Plaintiff quit his employment. [ECF No. 6]. Plaintiff claims that the referee's finding was based on "false evidence" and disregarded Plaintiff's documentary evidence that he suffers from a disability that prevents him from working. As relief, Plaintiff asks this Court to reverse the referee's decision.

Defendant has filed a motion to dismiss complaint [ECF No. 10], arguing that this Court lacks subject matter jurisdiction to review the UC referee's Order, under the Rooker-Feldman doctrine, and that Defendant is immune from suit under the Eleventh Amendment, in any event. Plaintiff has filed a one-page response to Defendant's motion simply stating his belief that this Court has jurisdiction to hear his claim. This matter is now ripe for consideration.

**B.      Standards of Review**

**1.      Motion to Dismiss**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

Recently, the Third Circuit expounded on the *Twombly/Iqbal/Phillips* line of cases:

> To prevent dismissal, all civil complaints must now set out "sufficient

factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct."

* * *

[A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" This "plausibility" requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009)(emphasis added)(citations omitted).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906

3

F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion
#### 1 Rooker-Feldman Doctrine

The first analysis must be to determine whether or not this court has jurisdiction over the subject matter, as the federal courts are courts of limited jurisdiction. Under the Rooker-Feldman doctrine,[1] federal courts are prohibited "from exercising 'subject matter jurisdiction to review final adjudications of a state's highest court or to evaluate constitutional claims that are inextricably intertwined with the state court's [decision] in a judicial proceeding.'" Ernst v. Child and Youth Services of Chester County, 108 F.3d 486, 491 (3d Cir. 1997), cert. denied, 522 U.S. 850 (1997)(quoting FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996))(internal citations omitted). For the Rooker-Feldman doctrine to be applicable here this Court must either "determine that the state court judgment was erroneously entered" or "take action that would render that judgment ineffectual" in order to grant Plaintiff the relief he requests. Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).

Plaintiff asks this Court to conduct a *de novo* review of the UC referee's order denying Plaintiff unemployment compensation benefits, in an effort to have the order reversed. In order to grant the relief requested, this Court must make a determination that the referee's administrative decision was erroneous, which would necessarily render the referee's decision "ineffectual." This the Court cannot do. See Kehres v. PA Unemployment Compensation Board of Review, 182 Fed.Appx. 112,113 (3d Cir. 2006)(holding that granting plaintiff's motion to review an adverse unemployment compensation decision "would allow her to use the federal courts to appeal a state court judgment and, thus, would run afoul of the Rooker-Feldman doctrine"). Accordingly, this case must be dismissed for lack of subject matter

---

[1] This doctrine arises out of the decisions in Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983).

4

jurisdiction.

        An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES LEONARD, | ) | |
|     Plaintiff | ) | C.A. No. 09-242 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| ERIE UC SERVICE CENTER, | ) | |
|     Defendant. | ) | |

## **ORDER**

AND NOW, this 3rd day of December, 2010,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Complaint [ECF No. 10] is GRANTED, and this action is DISMISSED for lack of subject matter jurisdiction. The Clerk is directed to mark this case closed.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge